IN THE CIRCUIT COURT
FOR THE SIXTH JUDICIAL CIRCUIT
DOUGLAS COUNTY, TUSCOLA, ILLINOIS

KYLE QUINN, )
)
        Plaintiff, )
)
v. )   No. 2011-L- 12
)
HERFF JONES, INC., )
an Illinois corporation, )
)
        Defendant. )

**COPY**

### SUMMONS

To each defendant: **Herff Jones, Inc., c/o Illinois Corporation Service Co., registered agent, 801 Adlai Stevenson Dr., Springfield, IL 62703**

    You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, Douglas County Courthouse, Tuscola, Illinois 61953, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                    WITNESS _August 24th_, 2011.

(Seal of Court)                _Julie Mills_
                               (Clerk of the Circuit Court)

                                  (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
Name: Heath E. Uppencamp, of Heller, Holmes & Associates, P.C.
Attorney for Plaintiff
Address: 1101 Broadway, P.O. Box 889
City: Mattoon, IL 61938-0889
Telephone: (217)235-2700

                    Date of Service: _____, 2010.
                    (To be inserted by officer on copy left with defendant or other person)

### EXHIBIT A

IN THE CIRCUIT COURT
FOR THE SIXTH JUDICIAL CIRCUIT
DOUGLAS COUNTY, TUSCOLA, ILLINOIS

KYLE QUINN,                        )
                                   )
            Plaintiff,             )
                                   )
vs.                                )   No. 2011-L-12
                                   )
HERFF JONES, INC.,                 )
an Illinois corporation,           )
                                   )
            Defendant.             )

**FILED AUG 2 4 2011**
Julie Mill
CLERK OF THE CIRCUIT COURT
DOUGLAS COUNTY, ILLINOIS

COPY

### COMPLAINT

Now Comes the Plaintiff, Kyle Quinn, by his attorneys, Heller, Holmes & Associates, P.C., and for his Complaint against the Defendant, Herff Jones, Inc., states as follows:

### COUNT I
### (AMERICANS WITH DISABILITIES ACT)

1. Count I of this action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 11-101, *et seq.* ("ADA"), and this Court has concurrent jurisdiction to hear ADA cases.

2. At all times relevant to this cause of action, Kyle Quinn ("Mr. Quinn") has been a resident of Villa Grove, Illinois.

3. Defendant, Herff Jones, Inc., is an Indiana corporation, duly authorized to do business and doing business within the State of Illinois at its facility in Arcola, Douglas County, Illinois.

4. For more than twenty years, Mr. Quinn has suffered from Complex Regional Pain Syndrome ("CRPS"), a chronic progressive disease that causes severe pain in the affected area.

5. The affected area for Mr. Quinn is his lower leg, where a reattached amputation occurred.

6. Mr. Quinn's condition has affected the major life activity of walking.

7. Mr. Quinn is a disabled person, as that term is defined within the provisions of the ADA.

8. Prior to the commencement of this action, Mr. Quinn exhausted his administrative remedies, in that he previously filed his charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). Attached as Exhibit A hereto and made a part hereof is a true and accurate copy of the Right to Sue Letter Mr. Quinn received from the EEOC. Attached as Exhibit B hereto and made a part hereof is a true and accurate copy of a similar letter Mr. Quinn received from the IDHR. This action is timely filed in accordance with the time limitations provided in said letters.

9. Mr. Quinn initially became employed at Herff Jones, Inc. in or around 1995. Mr. Quinn worked there for approximately 5 years. In or around 2000, Mr. Quinn voluntarily resigned from the company to pursue other opportunities.

10. Mr. Quinn contacted Herff Jones, Inc. in or around 2006 and sought a return to his employment with the company. Mr. Quinn was, in fact, rehired in or around 2006 upon his request to return to his employment with the company. Mr. Quinn was employed by Herff Jones, Inc. continuously from 2006 until his date of termination, which was October 29, 2010.

11. During the period of time from approximately 2000 to 2006 (the time during which Mr. Quinn was not employed by Herff Jones, Inc.), Mr. Quinn experienced some difficultly with his CRPS and sought the assistance of a specialist. Upon being rehired in 2006,

Mr. Quinn informed Herff Jones, Inc. that he was seeing a specialist for his disability. Mr. Quinn further stated that he would very occasionally be required to use one of his personal days to see said specialist, but that his disability would not affect his performance of his job duties.

12. During the course of his employment at Herff Jones, Inc., Mr. Quinn filled various positions with the company. Mr. Quinn consistently received positive performance evaluations for his work with the company.

13. While causing him to limp at times, Mr. Quinn's disability did not adversely affect his ability to perform the tasks required of him by his employment with Herff Jones, Inc.

14. During the course of his employment with Herff Jones, Inc. from approximately 2006 to October 29, 2010, Mr. Quinn's supervisor was Bob Morfey. Mr. Morfey, who also walks with a limp, made numerous and consistent disparaging remarks to Mr. Quinn, including statements to Mr. Quinn that Mr. Quinn was a "drugee" because he took medication to deal with the pain from his disability.

15. Mr. Quinn made formal complaints to Herff Jones, Inc.'s human resource department regarding Mr. Morfey's comments on Mr. Quinn's disability, but said behavior continued.

16. Herff Jones, Inc. terminated Mr. Quinn's employment on October 29, 2010.

17. Shortly before his termination, Mr. Quinn spoke with a Herff Jones, Inc. employee named "Phil" who was purportedly hired by Herff Jones, Inc. to improve the company's efficiency. When Mr. Quinn spoke with Phil, Mr. Quinn was asked about his limp. Mr. Quinn explained his disability to Phil.

18. The Herff Jones, Inc. employee who ultimately informed Mr. Quinn of his termination stated to Mr. Quinn that he was being terminated because there was not enough work to sustain Mr. Quinn's employment.

19. Subsequent to his termination, Mr. Quinn contacted Herff Jones, Inc. numerous times seeking to be rehired. Each time, Mr. Quinn was told that no work was available; however, Herff Jones, Inc. has hired numerous new employees since the date that Mr. Quinn's employment was terminated, including individuals who have been hired to perform the job duties that Mr. Quinn performed during his employment.

20. Herff Jones, Inc. terminated Mr. Quinn because he is a disabled individual, and Herff Jones, Inc. has likewise failed to rehire Mr. Quinn because he is a disabled individual.

21. Herff Jones, Inc.'s termination of Mr. Quinn, and its subsequent failure to rehire Mr. Quinn, are therefore violations of the ADA.

22. Herff Jones, Inc. has engaged in a pattern of discrimination against disabled employees, in addition to the discrimination perpetrated against Mr. Quinn.

23. As a direct result of Herff Jones, Inc.'s actions, Mr. Quinn has suffered damages, including but not limited to lost wages and mental and emotional distress. Further, under the ADA, Mr. Quinn is entitled to recover his costs in bringing this action, including his attorneys' fees, expert fees, and other costs of litigation.

24. Mr. Quinn also seeks punitive or exemplary damages to be awarded in his favor and against Herff Jones, Inc., for intentional acts in violation of well established law.

WHEREFORE, the Plaintiff, Kyle Quinn, prays that judgment be entered in his favor and against the Defendant, Herff Jones, Inc., and that he be awarded his lost wages and benefits, compensation for emotional distress, his attorneys' fees, and that Herff Jones, Inc. be subject to punitive damages or other exemplary damages for its conduct in violation of the ADA.

## COUNT II
## (ILLINOIS HUMAN RIGHTS ACT)

25.  Mr. Quinn realleges and incorporates by reference the allegations in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.  Count II of this action is brought pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IHRA").

27.  Herff Jones, Inc.'s termination of Mr. Quinn, and its subsequent failure to rehire Mr. Quinn, are violations of the IHRA in that Herff Jones, Inc. engaged in discrimination against Mr. Quinn on the basis of his disability.

WHEREFORE, the Plaintiff, Kyle Quinn, prays that judgment be entered in his favor and against the Defendant, Herff Jones, Inc., and that he be awarded his lost wages and benefits, compensation for emotional distress, his attorneys' fees, and that Herff Jones, Inc. be subject to punitive damages or other exemplary damages for its conduct in violation of the IHRA.

KYLE QUINN, Plaintiff

By: /s/

Of Heller, Holmes & Associates, P.C.
His Attorneys

## JURY DEMAND

The Plaintiff, KYLE QUINN, hereby demands trial by jury.

By: _____
Of Heller, Holmes & Associates, P.C.
His Attorneys

HEATH E. UPPENCAMP
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Ave.
P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
heath@hhlawoff.com

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Kyle A. Quinn
402 E Walnut
Villa Grove, IL 61956

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL 7011 0110 0001 8769 6530

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2010-01867 | Armernola P. Smith, State & Local Coordinator | (312) 869-8082 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/mjh*

John P. Rowe,
District Director

June 7, 2011
*(Date Mailed)*

Enclosures(s)

cc: HERFF JONES CAP AND GOWN
901 Bob King Dr
Arcola, IL 61910

EXHIBIT A



ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

MARCH 31, 2011

KYLE QUINN
402 E WALNUT
VILLA GROV, IL 61956

RE: CHARGE NO.: 2010-SF-3429
RESPONDENT: HERFF JONES CAP AND GOWN
COMPLAINT OR CIVIL ACTION FILING DATES: 05/27/11 THROUGH 08/24/11

Dear Complainant,

You have the right to file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court, if the Department of Human Rights (DHR) has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing.

Within 90 days of the expiration of the 365 days or extension (see above paragraph), if you so choose, you may file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, the Commission may dismiss your complaint; or, your civil action may be deemed untimely.

Once 455 days (or the extended time) have passed, DHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on DHR, on the same day that you file a complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you have any questions about filing a complaint with the Commission, you should call (312) 814-6268 or 814-6269. If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

cc: NORMA W. ZEITLER

1509 HBLTR
12/2010

EXHIBIT B

IN THE CIRCUIT COURT
FOR THE SIXTH JUDICIAL CIRCUIT
DOUGLAS COUNTY, TUSCOLA, ILLINOIS

| | |
|---|---|
| KYLE QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2011-L-_____ |
| | ) |
| HERFF JONES, INC., | ) |
| an Illinois corporation, | ) |
| | ) |
| Defendant. | ) |

### RULE 222 AFFIDAVIT

Now comes your affiant, HEATH E. UPPENCAMP, and under oath, says:

1) That affiant is testifying to matters of affiant's own personal knowledge and is competent to testify to the same if called upon to do so.

2) That affiant is the duly authorized agent of KYLE QUINN for purposes of making this affidavit.

3) That the damages sought do exceed $50,000.00.

_____
HEATH E. UPPENCAMP
Of Heller, Holmes & Associates, P.C.

Subscribed and sworn to before me
this 24 day of August, 2011.

_____
Notary Public

OFFICIAL SEAL
STEPHANIE B MASSEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/10/14

CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now.
For more information on instant access to your SOP, click Sign Me Up.

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 9121773
Date: 09/19/2011

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Herff Jones, Inc. |
| **Entity I.D. Number:** | 2863063 |
| **Entity Served:** | Herff Jones, Inc. |
| **Title of Action:** | Kyle Quinn vs. Herff Jones, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Douglas County Circuit Court, Illinois |
| **Case/Reference No:** | 2011-L-12 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 09/19/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Heath E. Uppercamp
217-235-2700

**Primary Contact:**
Scott Black
Herff Jones, Inc.

**Copy of transmittal only provided to:**
Eric Moy
Michael Parrett

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882  |  sop@cscinfo.com